# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-00238-01-CR-W-HFS |
| MYRON J. TOOMBS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On September 30, 2021, counsel for Defendant Myron Toombs filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 12. On October 6, 2021, the Court granted the motion. Doc. 13. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id.*

Defendant was designated to the Federal Correctional Institution – Englewood for psychiatric evaluation. By letter dated November 15, 2021, the Warden of said facility requested an extension to complete the examination. This Court granted the requested extension and ordered the examination report to be sent to the Court no later than January 14, 2022. Doc. 18. On December 28, 2021, the Court received a psychological report from Jeremiah Dwyer, Ph.D., who concluded Defendant was incompetent to proceed. Doc. 19.[1] In particular, Dr. Dwyer noted Defendant currently "has the factual cognitive ability to understand the nature and consequences of general court proceedings" but his "persecutory beliefs, which rise to a delusional level, are entwined with the substance of the case against him in several significant respects" and his "ability

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government. *See* Doc. 23 at 2-3.

to rationally understand the proceedings and assist in his defense, is presently undermined." *Id.* at 21.

On January 7, 2022, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Docs. 22-23. Counsel for the Government, Jess Michaelsen, counsel for Defendant, Steve Moss and Defendant all appeared in person. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Dwyer's report as if Dr. Dwyer had appeared in person and testified under oath. Doc. 23 at 3. No additional evidence was offered by the Government or by Defendant. *Id*. at 3-4.

Based on the record before the Court, and the uncontroverted findings of Dr. Dwyer, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that Defendant Myron Toombs is incompetent to understand the nature and consequence of the proceedings against him and assist properly in his defense. It is

RECOMMENDED that, pursuant to 18 U.S.C. § 4241(d), the Court enter an order committing Defendant Toombs to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: January 10, 2022            */s/ W. Brian Gaddy*
                                  W. BRIAN GADDY
                                  UNITED STATES MAGISTRATE JUDGE