IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-00238-CR-W-HFS |
| MYRON J. TOOMBS | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon motion filed by defense counsel, pursuant to 18 U.S.C. § 4241, a psychological or psychiatric examination of defendant was ordered, pursuant to 18 U.S.C. § 4247(b). (Doc. 13).

In a psychological report from Jeremiah Dwyer, Ph.D. dated December 22, 2021 (Doc. 19), Dr. Dwyer concluded that defendant was incompetent to proceed. This conclusion is based on Dr. Dwyer's opinion that while defendant has the factual cognitive ability to understand the nature and consequences of general court proceedings, his "persecutory beliefs" rise to a delusional level, and are entwined with the substance of the case against him in several significant respects, and his ability to rationally understand the proceedings and assist in his defense is presently undermined. (Id, pg. 21).

A competency hearing was conducted on January 7, 2022, pursuant to 18 U.S.C. § 4247(d), and counsel for the Government and the defendant stipulated that Dr. Dwyer's report could be considered by the court as if he had appeared in person and testified under oath. After making an independent review of the record and the applicable law, in a Report and Recommendation dated January 10, 2022 (Doc. 24), Magistrate Judge W. Brian Gaddy recommended that this court make a finding that the defendant is not currently competent to understand the nature and consequence of the proceedings against him and assist properly in his defense.

To-date, no objections to the Report and Recommendation have been filed, and the time in which to do so has expired. Thus the findings and conclusions in the Report and Recommendation (Doc. 24) are ADOPTED by the undersigned.

Further:

THE COURT HEREBY FINDS by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense.

THE COURT HEREBY ORDERS that the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d), for such a reasonable period of time up to 120 days from the date of this order to determine whether there is a substantial

likelihood that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed.

THE COURT FURTHER ORDERS that if it is determined by the director of the facility where the defendant is hospitalized that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the clerk of this court.

THE COURT FURTHER ORDERS that upon the filing of such a certificate by the director, counsel for the parties shall immediately notify the court in writing by way of a written status report and shall arrange for a date for the parties to appear in court.

SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
United States District Judge

Dated: February 17, 2022
Kansas City, Missouri